IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01958-CMA-BNB

MARSHA SORCE,

Plaintiff,

v.

DITECH,
GMAC MORTGAGE,
FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ("MERS"),
GMAC MORTGAGE, LLC; and
DOES 1 TO 20,[1]

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's complaint [Doc. #1] (the "Complaint"). The Complaint is STRICKEN, and the plaintiff is directed to submit an amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable

---

[1] The caption as prepared by the plaintiff includes "All Persons Claiming By, Through or Under Such Person, All Persons Unknown, Claiming Any Legal or Equitable Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiffs Title Thereto. . . ." I interpret these parties to be among the Doe defendants, and the caption is modified to reflect my understanding.

grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as her advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The defendants are not clearly and separately named in the caption. The plaintiff must name each defendant separately in the caption. The name may be followed by a brief title or description. The plaintiff may not name more than one defendant per line.

The Complaint is 32 pages long. Eleven pages are "Factual Allegations." The Factual Allegations are followed by six claims for relief. Each claim for relief incorporates by reference all of the preceding paragraphs. Many of the claims for relief are brought against all of the defendants, but do not contain specific factual allegations to state a claim against each defendant. For example, Claim Six alleges a violation of the Truth in Lending Act ("TILA") against all defendants. However, there are no specific allegations against any one defendant, thereby necessitating a dissection of the Factual Allegations and all allegations made in the preceding claims in order to attempt to discern which facts apply to Claim Six.

The Complaint fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint which the plaintiff is required to file shall be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Complaint shall not contain conclusory allegations or argument.

IT IS ORDERED:

1. The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A;

2. The plaintiff shall have until **August 20, 2012**, to submit an amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and this order;

3. The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed;

4. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated August 6, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge