# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   **1:12-cv-01958-CMA-BNB**

(To be supplied by the court)

MARSHA SORCE,                                                                 , Plaintiff,

v.

FREDDIE MAC MULTI-CLASS CERTIFICATES                    ,
SERIES 3499
MORTGAGE ELECTRONIC REGISTRATION                        ,
SYSTEMS, INC. (MERS)
DITECH                                                                             ,
GMAC MORTGAGE, LLC
AND DOES 1 through 20,                                                    ,

                                                                                          ,

                                                                                          ,

                                                                                          ,

_____ , Defendant(s).

(List each named defendant on a separate line.)

---

## AMENDED COMPLAINT

---

## PARTIES

1.    Plaintiff   MARSHA SORCE _____   is a citizen of  The State of Colorado
      who presently temporarily resides at the following address:
      43667 Trail K – Lake Hughes, California 93532

2.    Defendant  DITECH _____   is a citizen of  The State of California
      who live(s) at or is/are located at the following address:
      915 S. 500 E. Suite 200 – American Fork, UT 84003

3.    Defendant  FREDDIE MAC MULTI CLASS     is a citizen of  The State of New York
      who live(s) at or is/are located at the following address:
      c/o GMAC Mortage, LLC, Trustee 80 State Street, Albany, New York 12207
                  (Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4.    Jurisdiction is asserted pursuant to following statutory authorities:
      28 U.S.C. §§1331, 1343,   2201, 2202, 15 U.S.C. §1692, 12 U.S.C. §2605, and 42 U.S.C. §1983

5.      Briefly state the background of your case:

6.      This is an action brought by Plaintiff for declaratory judgment, quiet title, wrongful foreclosure and fraud.

7.      Plaintiff, disputes the current mortgage recorded against title of the real property in question (the "property"), which is the subject of this action, in that the originating mortgage lender, DITECH has sold, assigned and transferred the ownership and security interest in the Promissory Note and Mortgage executed by the Plaintiff to GMAC MORTGAGE, LLC and subsequently to FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499. The Plaintiff's Promissory Note was sold by DITECH ultimately to Defendant, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust, a REMIC Trust within 90 days of the

(Rev. 07/06)                                2

origination of Plaintiff's loan by DITECH.

8.      Plaintiff alleges that the Defendants DITECH, GMAC MORTGAGE, LLC, MERS and FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust cannot establish possession and/or ownership of the subject promissory note based upon the fact that DITECH failed to properly transfer and/or endorse the promissory note to GMAC MORTGAG, LLC and ultimately to FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499.    Therefore, Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS do not have the ability to establish that the mortgage is a secured indebtedness or that the note was legally or properly acquired.

9.      Plaintiff alleges that due to the invalid transfer of Plaintiff's Promissory Note to GMAC MORTGAGE, LLC and ultimately to FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499, that an actual controversy now exists between Plaintiff and Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS in that Plaintiff is unsure as to who owns her mortgage and who has the legal right to collect mortgage payments.    Plaintiff desires a judicial determination and declaration of her rights with respect to the property and the corresponding promissory note and mortgage.

**FIRST CAUSE OF ACTION:**

**QUIET TITLE**

**(Against Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC**

**MULTI-CLASS CERTIFICATES SERIES 3499 TRUST and MERS)**

10.     Plaintiff is the owners of the real property located at 5600 D County Road 700 - Pagosa Springs, Colorado 81147.

11.     Plaintiff is seeking to quiet title against the claims of all Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS including the claims of all possessors of the Note, the possessors of beneficial title and interest of the Mortgage recorded against title to the property, the claims of all unknown Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS whether or not the claim or cloud upon title is known to Plaintiff and the unknown, uncertain, or contingent claim, if any, of any Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS named herein or otherwise unknown.   The claims of Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS are without any right whatsoever and such Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS have no right to title, estate, lien, or interest whatsoever in the above-described property or any part thereof.

12.     Plaintiff seeks to quiet title as of a date to be determined by this honorable court. The basis for Plaintiffs seeking of quiet title is that the current mortgage security instrument held

against title is invalid in that it lists MERS as a beneficiary of the mortgage.   As cited previously, if MERS is a beneficiary of a security instrument, then that security instrument is invalid.   (See previous citations)

13.     Plaintiff is entitled to equitable relief and quiet title by a judicial decree and order declaring Plaintiff to be the title owner of record of the property as to effective date of said cancellation of any Mortgage recorded against title and quieting Plaintiff's title therein and thereto subject only to such legitimate liens and encumbrances as the court may deem void, and avoiding any liens or encumbrances upon the property created by the Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS or by their putative predecessors or by any of them.   Plaintiff's Note has been paid off. All of Plaintiff's Note obligations have been satisfied.

**SECOND CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC**

**MULTI-CLASS CERTIFICATES SERIES 3499 TRUST and MERS)**

14.     Plaintiff is informed and believes and upon that basis alleges that Defendants,

DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES

SERIES 3499 Trust and MERS dispute Plaintiff's contentions and instead contend that they have

valid ownership of the underlying promissory note.

15.     An actual controversy has arisen and now exists between Plaintiff and Defendants,

DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES

SERIES 3499 Trust and MERS concerning their respective rights and duties regarding the Note

and Trust Deed.

16.     Section 2201(a) of title 28 of the United States Code states:

> In a case of actual controversy within its jurisdiction, except with
> respect to Federal taxes other than actions brought under section
> 7428 of the Internal Revenue Code of 1986, a proceeding under
> section 505 or 1146 of title 11, or in any civil action involving an
> antidumpting or countervailing duty proceeding regarding a class or
> kind of merchandise of a free trade area country (as defined in
> section 516A(f)(10) of the Tariff Act of 1930), as determined by the
> administering authorty, any court of the United States, upon the
> filing of an appropriate pleading, may declare the rights and other
> legal relations of any intered party seeking such declaration,
> whether or not further relief is or could be sought.  Any such
> declaration shall have the force and effect of a final judgment or
> decree and shall be reviewable as such.

17.     Section 2202 of Title 28 of the United States Code status:

> Further necessary or proper relief based on a declaratory judgment
> or decree may be granted, after reasonable notice and hearing,
> against any adverse party whose rights have been determined by

such judgment.1

18.     Plaintiff contends that pursuant to the transactions between DITECH/GMAC MORTGAGE and FREDDIE MAC MULTI CLASS CERTIFICATES SERIES 3499 do not have authority to foreclose upon and sell the subject Property or at any time commence foreclosure activities.

19.     Plaintiff contends that GMAC MORTGAGE, LLC has no legal right to collect mortgage payments relating to the mortgage recorded against title of Plaintiff's property.

20.     Plaintiff contends that under federal law in the State of Colorado and other jurisdictions, MERS cannot validly assign its interests in a mortgage or deed of trust.   As such the appointment of MERS renders any mortgage or deed of trust listing MERS as a beneficiary as a void instrument.

21.     Plaintiff therefore requests a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

22.     Plaintiff requests a determination of the validity of the current mortgage held against title to the property.

---

1 It is axiomatic that a cause of action for declaratory relief serves the purpose of adudicating *future* rights and liabilities between parties.   *See Cardellini v. Casey*, 181 Cal.App.3rd 389 (1986) [ Emphasis added] ; *Bachis v. State Farm Mutual Auto, Ins. Co.* 265 Cal.App.2nd 722 (1968).

## THIRD CAUSE OF ACTION

### WRONGFUL FORECLOSURE

**(Against Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC**

**MULTI-CLASS CERTIFICATES SERIES 3499 TRUST and MERS)**

23.     Plaintiff is informed and believes and there upon alleges that the only individual entity which may have standing to foreclose is FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499.    Based upon the general business plan operation of FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499, all Notes were packaged and sold to Real Estate Mortgage Investment Conduit ("REMIC") Trusts such as FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499.    Each REMIC Trust purchased insurance to cover the risk of default.    Plaintiff alleges that the Note in question was paid off upon Plaintiff's default in payments as defined by the PSA, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 applied for payment through the sponsor's insurance carrier and received payment for the entire past due principal and interest due on Plaintiff's Note. Furthermore, the originator of the loan, DITECH and GMAC MORTGAGE as well as FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 are no longer in existence or doing business.    In fact, Plaintiff alleges that all parties who have participated in the origination of or sale and purchase of the Note have ceased business operations or have filed for bankruptcy protection.    Plaintiff further alleges that FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 ceased doing business when its existence was terminated by the sale or payoff of all loans it purchased through the securitization process.

24.     Plaintiff request that this Court find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time, because Defendants, DITECH,

GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS have no legal right to foreclose under federal or state law.   In addition, the Deed of Trust no longer has any validity and cannot be used for foreclosure after DITECH and GMAC MORTGAGE sold the loan to the sponsor.   Once the original loan was paid in full the Deed of Trust became legally invalid.   Similarly, when default insurance provided by the sponsor paid FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 the entire balance of principal and interest owed by Plaintiff, the entire loan obligation disappeared.   No party to this action can enforce a Note that has been paid off by default insurance as alleged in this complaint.

25.   Since the creation of Plaintiff's Note herein and Deed of Trust, Defendant MERS was named the "beneficiary" of the Deed of Trust.

26.   Plaintiff is informed and believes, and thereon alleges, that Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage because MERS charter limits MERS powers and duties to function as an electronic registration system of certain types of securities.

27.   Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing.   Pursuant to the Deed of Trust only the lender has the power to exercise the power of sale.   No other party has standing to foreclose upon Plaintiff's Note.

28.   Plaintiff is informed and believes, and thereon alleges, that pursuant to state law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the transferee.   Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

## FOURTH CAUSE OF ACTION

### FRAUD

**(Against Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC**

**MULTI-CLASS CERTIFICATES SERIES 3499 TRUST and MERS)**

34.     Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC
MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS, specifically Defendant GMAC
MORTGAGE, LLC, the trustee of the Remic Trust, and others intentionally misrepresented to
Plaintiff that it was entitled to receive mortgage payments from Plaintiff based upon mortgage
statements sent to Plaintiff by GMAC MORTGAGE, LLC.  In fact, Defendants, DITECH,
GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499
Trust and MERS were not entitled to receive mortgage payments as GMAC MORTGAGE, LLC
did not have equitable, or actual beneficial interest in the Note or the property.  In addition,
GMAC MORTGAGE, LLC did not have a contractual right to receive those payments under any
contractual rights received from FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES
3499.  Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS
CERTIFICATES SERIES 3499 Trust and MERS knew that the Note in question had been paid off
in full as a result of the application for mortgage default insurance by FREDDIE MAC
MULTI-CLASS CERTIFICATES SERIES 3499.

35.     Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC
MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS misrepresented that they are
the "holder and owner" of the Note and/or the beneficiary of the Deed of Trust.  However, this
was not true and was a misrepresentation of material fact.  Defendants, DITECH, GMAC
MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and

MERS were attempting to collect on a debt to which they have no legal, equitable or pecuniary interest in. This type of conduct is outrageous. Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS are fraudulently foreclosing on a property which they have no monetary or pecuniary interest. No party is entitled to receive mortgage payments from the Plaintiff since the original Note has been paid off at least twice:   Once by the sponsor's when it purchased the Note and then again when the Note was paid off by default insurance taken out by FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499.

36.     Defendant's failure to disclose the material terms of the transaction between DITECH and GMAC MORTGAGE and the sponsor, the depositor, and FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 and the insurance carrier whereby FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 bought the Note is a violation of RESPA as well as other federal laws instituted to protect homeowners and provide them with notice of the sale of their loans.    In fact, GMAC MORTGAGE, LLC has collected more than $50,000.00 in mortgage payments from the Plaintiff despite the fact that the Note in question is owned by FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499.     Neither GMAC MORTGAGE, LLC, the trustee of the Remic Trust, nor any other party can show that the underlying Note has been assigned to either entity.

37.     The material misrepresentations were made by the Defendants, DITECH, GMAC MORTGAGE, LLC, FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 Trust and MERS with the intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiff to rely on the misrepresentations and pay mortgage payments to GMAC MORTGAGE, LLC as well as to other parties.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

## FIRST CAUSE OF ACTION

1.     For Attorney's Fees and Costs of this action;

2.     For Judgment for Quiet Title rendering any and all security instruments including mortgages or deed of trust invalid or void.

3.     No Defendant or any other party has an enforceable secured or unsecured claim against title to the Property.

4.     Neither FREDDIE MAC MULTI CLASS CERTIFICATES SERIES 3499 nor any other financial institution have an enforceable secured or unsecured claim against the Property; and

5.     All mortgages or Deeds of Trust are hereby deemed void.    The current Trustee of the Mortgage in this case should reconvey title to the subject Property to Plaintiff.

## SECOND CAUSE OF ACTION

1.     For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.     Plaintiff is the prevailing party;

b.     No Defendant has the legal right to foreclose on Plaintiff's property;

c.     No Defendant has an enforceable secured or unsecured claim against the property;

d.     The original Mortgage is null and void due to the fact that the Note it was created to secure has been sold to third parties without any assignment of the Mortgage to those parties; and

(Rev. 07/06)                                12

e.     The assignment of the Mortgage by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") to any party or legal entity is invalid.

## THIRD CAUSE OF ACTION

1.     For Compensatory Damages in an amount to be determined by proof at trial;

2.     For Special Damages in an amount to be determined by proof at trial;

3.     For General Damages in an amount to be determined by proof at trial;

4.     For Punitive Damages as allowed by law;

5.     For Restitution as allowed by law;

6.     For Attorney's Fees and Costs of this action;

7.     For Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.     Plaintiff is the prevailing party;

b.     The Trustees of the REMIC Trusts have no enforceable secured or unsecured claim against the Property;

c.     The Sponsor has no enforceable secured or unsecured claim against the Property;

d.     The Depositor has no enforceable secured or unsecured claim against the Property; and

e.     The Mortgage Originator has no enforceable secured or unsecured claim against the Property.

## FOURTH CAUSE OF ACTION

1.     For Compensatory Damages in an amount to be determined by proof at trial;

2.     For Special Damages in an amount to be determined by proof at trial;

3.    For General Damages in an amount to be determined by proof at trial;

4.    For Punitive Damages as allowed by law; and

5.    For Restitution as allowed by law.


Date: *Marsha Sorce*    Marsha Sorce
*26 September 2012*    (Plaintiff's Original Signature)
PO Box 1052
(Street Address)
Lake Hughes, CA 93532
(City, State, ZIP)
(970) 903-8756
(Telephone Number)

(Rev. 07/06)                    14

## CERTIFICATE OF SERVICE

I certify that on _9/26/2012_, I caused to be served copies of the attached document by e-mail, or first class mail, postage prepaid as follows:

Addressee(s):

GMAC Mortgage, LLC        CERTIFIED MAIL # 7006 0100 0006 8952 3939
c/o CSC
80 State Street
Albany, New York 12201

Ditech        CERTIFIED MAIL # 7006 0100 0006 8952 3922
c/o CSC
2180 South 1300 East, Suite 650
Salt Lake City, Utah 84106

Mortgage Electronic Registration Systems, Inc. (MERS)
15420 Laguna Canyon Road, Suite 100
Irvine, California 92618   CERTIFIED MAIL # 7006 0100 0006 8952 3946

Date: _Marsha Sorce_ Marsha Sorce
26 SEPTEMBER 2012

ADDITIONAL PARTIES

4.  Defendant  MERS                              is a citizen of  The State of Virginia
    who live(s) at or is/are located at the following address:
    1818 Library Street, Suite 300 – Reston, Virginia 20190

5.  Defendant  GMAC MORTGAGE, LLC               is a citizen of  The State of New York
    who live(s) at or is/are located at the following address:
    80 State Street, Albany, New York 12207

    (Attach a separate page, if necessary, to list additional parties.)