**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:12-cv-01958-CMA-BNB**

MARSHA SORCE,

Plaintiff,

v.

DITECH,
GMAC MORTGAGE,
FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"),
GMAC MORTGAGE, LLC; and
DOES 1 TO 20,

Defendants.

**MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1), 12(b)(6) AND 9(b)**

Defendants, through their attorneys, Lowe, Fell & Skogg, LLC, submit the following Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 9(b):

**I.   INTRODUCTION**

Plaintiff Marsha Sorce's amended complaint ("Complaint") asserts claims over which this Court lacks subject matter jurisdiction, that are facially deficient or are not recognized under Colorado law.  Ms. Sorce's first three claims – for quiet title, declaratory judgment and wrongful foreclosure – seek to have this Court undo a final state court foreclosure action relating to a residence that she once owned as well as a final judgment evicting her from the property barred by the Rooker-Feldman doctrine. Not only is there a jurisdictional problem with Ms. Sorce's quiet title and wrongful foreclosure claims, the claims fail under Rule 12(b)(6).  Ms. Sorce has not pled facts

demonstrating that she has any legitimate right to title to the property at issue in this case, let alone that her alleged claim is superior to that of the other Defendants as is required to obtain quiet title relief. Moreover, Ms. Sorce has asserted a cause of action for wrongful foreclosure ignoring the fact that this Court has found in previous cases that no such claim exists under Colorado law. Ms. Sorce's claim for fraud is based on conclusory allegations that do not satisfy the requirements of Fed.R.Civ.P. 9(b). Embedded in her fraud claim is an apparent claim for violation of the Real Estate Settlement Procedures Act ("RESPA"), specifically 12 U.S.C. § 2605, that fails to state a claim and appears to have been asserted past the three-year statute of limitations. Although this is Ms. Sorce's second effort in submitting a legitimate complaint relating to these issues, her Complaint fails legally on all counts and, therefore, should be dismissed with prejudice.

## II.     STANDARD OF REVIEW[1]

### A.     Fed.R.Civ.P. 12(b)(1)

A complaint may be dismissed under Fed.R.Civ.P. 12(b)(1) if the court lacks subject matter jurisdiction. A complaint may be attacked facially for failure to establish subject matter jurisdiction in which case the court must accept the allegations in the complaint as true. Holt v. U.S., 46 F.3d 1000, 1003 (10th Cir. 1995). A party may also factually attack the basis for subject matter jurisdiction. Holt, 46 F.3d at 1003. When faced with a factual challenge to subject matter jurisdiction, a court "may not

---

[1] Ms. Sorce is proceeding *pro se* in this matter. The Court must liberally construe her pleadings (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), but cannot act as her advocate and she is required to comply with the basic requirements of the Federal Rules of Civil Procedure in this matter. Hall v. Bellmon, 935 F.2d 1006, 1110 (10th Cir. 1991).

presume the truthfulness of the complaint's factual allegations," and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Id. A court's consideration of evidence outside the pleadings under Rule 12(b)(1) does not convert the motion into a Rule 56 motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (citation omitted).

**B.    Fed.R.Civ.P. 12(b)(6)**

A plaintiff's claims may be dismissed under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims asserted that would entitle her to relief. Benefield v. McDowall, 241 F.3d 1267, 1270 (10th Cir. 2001). A court must presume the plaintiff's well-pleaded factual allegations are true in reviewing the sufficiency of a complaint and construe them in a light most favorable to the plaintiff. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001). A court is to limit its consideration to the complaint itself, any documents attached to the complaint and any external documents referenced in the complaint, the accuracy of which is not in dispute. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). A court is only required to accept as true "well-pleaded" allegations, meaning allegations that are "non-conclusory and non-speculative." Ajjarapu v. AE Biofuels, Inc., 728 F.Supp.2d 1154, 1160 (D. Colo. 2010). A court need not accept as true legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in a complaint. Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is "facially plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 555 U.S. at 678.

**C.**     **Fed.R.Civ.P. 9(b)**

A heightened pleading standard applies to claims for fraud under the Federal Rules of Civil Procedure.  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).  "Rule 9(b) supplements 8(a) in setting forth the pleading requirements" under the Federal Rules of Civil Procedure.  United States v. Envirocare of Utah, Inc., No. 09-4079, 2010 WL 3025021, at *6, (10th Cir. Aug. 4, 2010).  The purpose of the rule is to provide a defendant fair notice of the plaintiff's claims and the factual ground upon which they are based.  Envirocare, 2010 WL 3025021, at *7.  A complaint must provide enough information to support a plausible inference that a false act occurred.  Id. at *8.  To this end, federal courts require that in alleging fraud, a plaintiff must identify the who, what, where and how of the alleged claim or the time, place, content and consequences of the fraudulent conduct.  Id. at *7.

### III.     STATEMENT OF MATERIAL FACTS

The following statement of material facts is provided in order for the Court to determine whether it has subject matter jurisdiction over Ms. Sorce's claims.

1. On May 22, 2008, Ms. Sorce executed a promissory note (the "Note") to GMAC Mortgage, LLC doing business as Ditech to fund the purchase of real property located at 5600D County Road 700, Pagosa Springs, Colorado (the "Property"). A copy of the Note, referenced in paragraph 7 and throughout the Complaint, is attached as <u>Exhibit A</u>. Contemporaneously with the execution of the Note, Ms. Sorce executed a deed of trust to secure the Note (the "Deed of Trust") with the Archuleta County Public Trustee designated as the "trustee." A copy of the Deed of Trust, identified throughout the Complaint as the "mortgage" is attached as <u>Exhibit B</u>.

2. GMAC commenced a foreclosure on May 24, 2010 by filing a Notice of Election and Demand with the Archuleta County Public Trustee. <u>See</u> <u>Exhibit C</u>.

3. Pursuant to Rule 120 of the Colorado Rules of Civil Procedure, GMAC filed a Verified Motion for Order Authorizing Sale with the District Court of Archuleta County, requesting that GMAC duly held the Note and as the beneficiary under the Deed of Trust, the Deed of Trust granted a power of sale to the Public Trustee; a default existed under the Note and Deed of Trust, and there were no other circumstances under the foreclosure statutes that precluded the sale of the Property (the "Foreclosure Action"). <u>See</u> <u>Exhibit D</u>. The Archuleta County District Court issued a Corrected Order Authorizing Sale of the Property on September 30, 2010 finding that a

reasonable probability existed that Ms. Sorce had defaulted under the Note and Deed of Trust and the Property could be sold by the Public Trustee.  <u>See</u> <u>Exhibit E</u>.

       4.     The Archuleta County Public Trustee sold the Property on December 2, 2010 with GMAC as the successful bidder at the sale and issued a Certificate of Purchase to GMAC.  <u>See</u> <u>Exhibit F</u>.

       5.     On December 17, 2010, GMAC filed a Return of Sale with the Archuleta County District Court representing that the foreclosure sale had been conducted pursuant to the Deed of Trust and the court entered an Order Approving Sale confirming that this had occurred on December 20, 2010.  <u>See</u> <u>Exhibit G</u>.

       6.     After the foreclosure sale had occurred and approval of the sale had been received by GMAC, GMAC assigned its Certificate of Purchase to the Federal Home Loan Mortgage Corporation and the Archuleta County Public Trustee issued a Confirmation Deed conveying title to the Property to that entity on January 21, 2011. <u>See</u> <u>Exhibit H</u>.  The Federal Home Loan Mortgage Corporation conveyed title to the Property to GMAC by deed dated April 1, 2011, a copy of which is attached as <u>Exhibit I</u>.

       7.     On December 5, 2011, GMAC initiated an action to evict Ms. Sorce from the Property and recover possession, captioned <u>GMAC Mortgage, LLC v. Marsha Ann Sorce, *et al.*,</u> Case No. 2011C388 in the County Court, Archuleta County, Colorado by filing a Verified Complaint (Unlawful Detainer) (the "Eviction Action").  <u>See</u> <u>Exhibit J</u>.

       8.     On December 28, 2011, the Archuleta County Court entered default judgment against Sorce in the Eviction Action finding that she had failed to appear at the hearing or otherwise respond to the Summons in Forcible Entry and Unlawful

Detainer and Verified Complaint that had been served upon her and that judgment for possession of the Property should be entered in favor of GMAC.  See Exhibit K.  On January 6, 2012, the Archuleta County Court entered a Writ of Restitution in favor of GMAC finding possession of the Property was to be returned to GMAC.  See Exhibit L.

### IV.   ARGUMENT

**A.   Ms. Sorce's Quiet Title, Declaratory Judgment And Wrongful Foreclosure Claims Are Barred Under The Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine precludes federal district courts from conducting appellate type review of state court judgments.  Bolden v. City of Topeka, Kans., 441 F.3d 1129, 1139 (10th Cir. 2006).  The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."  Lance v. Dennis, 546 U.S. 459, 460 (2006).  The Rooker-Feldman doctrine also precludes any "action in federal court that alleges an injury 'inextricably intertwined" with a state court decision, such that success in the federal court would require overturning the state court decision…."  Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006).  A complaint filed in a federal district court requesting review and reversal of a state court judgment is properly dismissed under the Rooker-Feldman doctrine for lack of subject matter jurisdiction.[2]  The Rooker-Feldman doctrine "applies only to suits filed

---

[2] Courts in this District have consistently held that the *Rooker-Feldman* doctrine bars a plaintiff from attempting to do that which Ms. Sorce asks in this case, that is, to use this Court as an appellate court for the purpose of overturning decisions relating to Colorado Public Trustee foreclosures.  See, e.g., Rohr v. Home Loans Corp., *et al.*, Civil Action No. 104CV01594-REB-BNB, 2005 WL 2027684, at *2 (D. Colo. Aug. 22, 2005); Morrow v. Countrywide Home Loans, Inc., Civil Action No. 06-cv-0272-LTB-MEH, 2006 WL 1659181, at *1 (D. Colo. June 7, 2006);

after state proceedings are final." Guttman, 446 F.3d at 1173.  To determine whether a plaintiff is attempting to re-litigate a final state court action, the question is not whether the state court orders in question are appealable, but whether they completely determine the rights of the parties.  Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC, Civil Action No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007) (unpublished).

Defendants contend that Ms. Sorce's quiet title, declaratory judgment and wrongful foreclosure claims are an effort to re-litigate final state court actions – the Foreclosure Action and Eviction Action.  Defendants' Rooker-Feldman argument presents a factual challenge to the Court's subject matter jurisdiction.  Consequently, the Court need not presume the truth of the factual allegations in the Complaint.  Holt, 46 F.3d at 1003.  The Court may, instead, exercise wide discretion and allow extrinsic documents to resolve any disputed jurisdictional facts.  Id.

For her first cause of action, Sorce asks that the Court quiet title in her name and find that she is the owner of record of the Property, notwithstanding the fact that record title to the Property is presently held by GMAC.  Complaint, ¶ 13.  Sorce requests that the Court find that none of the Defendants can hold title to the Property because the "mortgage security instrument" (presumably, the Deed of Trust) was invalid because it lists MERS as a beneficiary of the mortgage.  Complaint, ¶ 12.  Ms. Sorce further asks that the Court find that all security instruments relating to the Property, including the Deed of Trust, are void and that title should be reconveyed to her.

---

Lee v. Imperial Lending, LLC, et al., Civil Action No. 06-cv-02388-ZLW-BNB, 2007 WL 2572267, at *1 (D. Colo. Aug. 20, 2007) (note that all decisions are unreported).

Complaint, ¶ 12.  In her second cause of action, Ms. Sorce asks that the Court enter a decree that the Defendants did not have the authority to foreclose or to collect mortgage payments from her and that the Deed of Trust is a void instrument unenforceable against her.  Complaint, ¶¶ 18-22.  Ms. Sorce's third claim for relief is for wrongful foreclosure.  Ms. Sorce asks that the Court find that the power of sale in the Note and Deed of Trust has no force and effect and that Defendants had no right to foreclose for a variety of reasons.  Complaint, ¶ 24.  Through these claims Ms. Sorce seeks review in this Court of the Foreclosure Action and Eviction Action.  In order to make the determinations requested by Ms. Sorce and grant her the relief requested, the Court would have to conduct essentially appellate review of what occurred in the Foreclosure Action and Eviction Action and overturn the orders/judgments entered in each.

Not only is there no question that Ms. Sorce is attempting to re-litigate state court proceedings and orders, these proceedings were final under <u>Rooker-Feldman</u>.  The Archuleta County Public Trustee conducted a foreclosure sale of the Property on December 2, 2010.  GMAC as the successful bidder received a Certificate of Purchase on that date.  The Archuleta County District Court entered an order approving the Public Trustee's foreclosure sale of the Property to GMAC on December 20, 2010.  The Public Trustee issued a Confirmation Deed conveying title to the Property to the Federal Home Loan Mortgage Corporation on January 21, 2011 and this entity deeded the Property to GMAC on April 1, 2011.  On December 5, 2011, GMAC, as the record owner of the Property, initiated an action to evict Ms. Sorce.  The County Court of Archuleta County entered default judgment in the Eviction Action

awarding judgment for possession of the Property in favor of GMAC on December 28, 2011. The court issued a Writ of Restitution allowing GMAC to take possession of the Property on January 6, 2012. Prior to the foreclosure sale of the Property and issuance of the Confirmation Deed, Ms. Sorce never filed an action seeking injunctive or other relief under Rule 120(d) of the Colorado Rules of Civil Procedure challenging the propriety of the foreclosure. Not only did Ms. Sorce fail to appear entirely in the Eviction Action to protect her alleged rights in the Property, she did not appeal the County Court's order for possession and writ of restitution.

In a case with facts similar to this one, Dillard v. Bank of New York, 476 Fed.Appx. 690 (10th Cir. 2012) (unpublished), the Tenth Circuit found that when a plaintiff is not seeking to affirmatively enjoin the sale of her home but instead attempts to "completely undo" foreclosure and eviction proceedings that were final before the plaintiff initiated suit, the district court lacks subject matter jurisdiction under Rooker-Feldman. Dillard, 476 Fed.Appx. at 692, n. 3. This case is no different. This is not a situation in which Ms. Sorce commenced her challenge to the foreclosure in the middle of the process, before entry of an order authorizing sale under Rule 120, C.R.C.P., before the sale of the Property or before conveyance of the Property by deed by the Public Trustee. Rather, Ms. Sorce waited to commence this action until July 27, 2012, approximately seventeen (17) months after the foreclosure sale occurred, thirteen (13) months after the Public Trustee issued the Confirmation Deed and seven months after she was evicted from the Property. Under these circumstances, dismissal of

Ms. Sorce's claims for quiet title, declaratory relief and wrongful foreclosure is required under Rooker-Feldman.

**B.     Ms. Sorce Has Failed to Plead A Quiet Title Claim**

Although her Complaint is not clear, it appears that Ms. Sorce has asserted a claim to quiet title under Rule 105 of the Colorado Rules of Civil Procedure.[3] Under C.R.C.P. 105, an action may be brought for the purpose of obtaining an adjudication of the rights of all parties with respect to any real property. C.R.C.P. 105(a). The plaintiff in a quiet title action has the burden of establishing title to the property. Hutson v. Agric. Ditch & reservoir Co., 723 P.2d 736, 738 (Colo. 1986). In order to quiet title, a plaintiff must establish the superiority of his own title to that of other claimants. Hutson, 723 P.2d at 738. The plaintiff must rely on the strength of his own title rather than on the weakness in or lack of title in defendants. Morrissey v. Achziger, 364 P.2d 187, 189 (Colo. 1961).

The Complaint fails to state a claim for quiet title because it contains no allegations that Ms. Sorce has title to the Property superior to that of the Defendants based on the Deed of Trust and foreclosure. Ms. Sorce merely alleges that she is the owner of the Property, without identifying the source of her ownership interest or why it trumps any interest that Defendants may claim. Complaint, ¶ 10. The only substantive allegation in her claim is that she is seeking quiet title because "the current mortgage security instrument held against title is invalid in that it lists MERS as a beneficiary of the mortgage." Complaint, ¶ 12. She claims that "if MERS is a beneficiary of a security

---

[3] While there is a federal quiet title act, 28 U.S.C. § 2409a, Ms. Sorce has not referenced the statute and it applies to title claims brought against the United States which is not the case here.

instrument, then that security instrument is invalid. (See previous citations)." Complaint, ¶ 12. The Complaint contains no citation that establishes that when MERS is a beneficiary of a security instrument, the instrument is invalid. Moreover, Ms. Sorce's contention is incorrect legally. Although Colorado courts do not appear to have addressed the issue directly, courts across the country have consistently held that listing MERS as a beneficiary in a Deed of Trust does not render the instrument invalid. Hutchens v. Bank of America, N.A., No. 3:11-CV-624, 2012 WL 1618316, at *9 (E.D. Tenn. May 9, 2012) (citing Golliday v. Chase Home Fin., LLC, No. 1:10-cv-532, 2011 WL 4352554, at *7 (W.D. Mich. Aug. 23, 2011)), In re Mortg. Elec. Registration Sys. (MERS) Litig., MDL, No. 09-2119-JAT, 2011 WL 4550189, at *3, *4 (D. Ariz. Oct. 3, 2011); Ciardi v. Lending Co., Inc., No. CV 10-0275-PHX-JAT, 2010 WL 2079735, at *3, *4 (D. Ariz. May 24, 2010)).

### C. Colorado Does Not Recognize A Claim For Wrongful Foreclosure

Not only is Ms. Sorce's wrongful foreclosure claim barred under Rooker-Feldman, there is no such claim under Colorado law. This Court has held that "Colorado does not recognize a claim based on 'wrongful foreclosure.'" Jacobs v. Credit Suisse First Boston, Civil Action No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *4 (D. Colo. Sept. 30, 2011) (citing Schwartz v. Bank of Am., N.A., Civil Action No. 10-cv-01225-WYD, MJW, 2011 WL 1135001 (D. Colo. March 28, 2011) and Comm'l Equity Corp. v. Majestic Sav. & Loan Ass'n, 620 P.2d 56, 58 (Colo. App. 1980)).[4]

---

[4] With respect to wrongful foreclosure claims, this Court has also found that "[e]ven if a cognizable claim for 'wrongful foreclosure' existed, this Court lacks jurisdiction to interfere with the state court's foreclosure-related judgments. Any allegations concerning the propriety of the

### D.     Ms. Sorce Failed To Plead Fraud With Particularity

In the context of a challenge to a foreclosure based on fraud, the plaintiff, in her complaint, must identify the "time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Jensen v. America's Wholesale Lender, 425 Fed. Appx. 761, 763 (10th Cir. 2011) (unpublished); see also Amerson v. Chase Home Finance LLC, Civil Action No. 11-cv-01041-WJM-MEH, 2012 WL 1686168, at *14 (D. Colo. May 7, 2012).  Broad, vague and conclusory statements without factual enhancement are insufficient for a claim to survive a motion to dismiss under Rule 9(b).  Jensen, 425 Fed. App'x. at 763.  Fraud allegations that relate to all defendants in a case collectively and generically without specifying the particular defendant responsible for the fraudulent conduct are insufficient; the allegation of fraud "must specifically identify the individual or entity responsible for making the statements."  Amerson, 2012 WL 1686168, at *14.

Ms. Sorce's fraud claim fails to state the "who, what, when, where, and how of the alleged fraud."  Id.  The Complaint alleges that all Defendants as well as "others" misrepresented to her that they were entitled to receive mortgage payments even though they knew that they did not have an interest in the Note or Property. Complaint, ¶34.  She contends that the Defendants generically misrepresented that they owned the Note or had rights under the Deed of Trust which was allegedly untrue. Complaint, ¶ 35.  Ms. Sorce claims that her Note had been paid off twice – when an

---

foreclosure proceedings are more appropriately pursued in an independent action in state court." Jacobs, 2011 WL 4537007, at *4 (citing Beeler Props. LLC v. Lowe Enters. Residential Investors, LLC, No. 07-cv-00149, 2007 WL 1346591, at 8 3 (D.Colo. May 7, 2007)) (unpublished).

unidentified "sponsor" purchased the Note and by "default insurance." Complaint, ¶ 35. Her fraud claim has been asserted against all Defendants collectively, and with the generic contention that all Defendants committed fraud against her, which courts in this circuit have concluded does not comply with Fed.R.Civ.P. 9(b).  Amerson, 2012 WL 1686168, at *14; Jensen, 425 Fed. App'x at 763.  The claim mentions generic entities such as "the trustee of the Remic trust," "the sponsor," "the depositor," and "the insurance carrier," without identifying who they are or how they were involved in the issues about which Ms. Sorce complains. Complaint, ¶¶ 34 & 36.  Her claim is devoid of any identification as to when the alleged fraudulent representations were made, how they were made or the specifics of the content of the representations.  Given the conclusory and vague nature of Ms. Sorce's fraud claim, dismissal under Rule 9(b) is appropriate.

### E.     **Ms. Sorce Has Not Asserted A Claim For Violation Of RESPA**

Ms. Sorce has not separately identified a cause of action under RESPA; however, in her fraud claim, in paragraph 36, she alleges that "Defendant's failure to disclose the material terms of the transaction between DITECH and GMAC MORTGAGE and the sponsor, the depositor, and FREDDIE MAC . . . and the insurance carrier . . . is a violation of RESPA." Complaint, ¶ 36.  If Ms. Sorce intended to assert a RESPA claim, it should be dismissed under Fed.R.Civ.P. 12(b)(6).  Although Ms. Sorce references 12 U.S.C. § 2605 in the jurisdictional section of her Complaint, she makes no further mention of the statute or the requirements of that provision.  In asserting a violation of RESPA, Ms. Sorce merely claims that Defendants collectively failed to

disclose "material terms" of the "transaction" between the various Defendants, but makes no further allegations that rise to the level of plausible facts supporting a claim under this section of RESPA. Moreover, to the extent that she believes that Defendants failed to comply with RESPA at the time she applied for her loan or obtained her loan, the claim would be time-barred as the statute of limitations for claims under section 2605 is three years from the date of the occurrence and Ms. Sorce executed the Note in 2008. Given the complete lack of plausible facts relating to a RESPA violation by any Defendant, if Ms. Sorce is asserting such a claim it fails under Fed.R.Civ.P. 12(b)(6).

## V.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants request that the Court dismiss Ms. Sorce's Complaint, with prejudice under Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 9(b). Defendants also ask that the Court award them such further and different relief as the Court deems proper.

Respectfully submitted this 25th day of October, 2012.

LOWE, FELL & SKOGG, LLC

*s/ Karen L. Brody*
Karen L. Brody
Dana B. Baggs
1099 Eighteenth Street, Suite 2950
Denver, Colorado 80202
Phone:  720.359.8200
Fax:  720.359.8201
Email:  kbrody@lfslaw.com

ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2012, I electronically filed the foregoing **MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1), 12(b)(6) AND 9(b)** with the Clerk of Court using the CM/ECF system and served it by placing a copy along with copies of all unpublished decisions and decisions for which only Westlaw citation is available in the United States Mail, postage prepaid, addressed to the following:

>Marsha Sorce
>PO Box 1052
>Lake Hughes, CA  93532

*s/ Anne Van Teyens*