**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:12-cv-01958-CMA-BNB**

MARSHA SORCE,

Plaintiff,

v.

DITECH,
GMAC MORTGAGE,
FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"),
GMAC MORTGAGE, LLC; and
DOES 1 TO 20,

Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1), 12(b)(6) and 9(b)**

---

Defendants Ditech, GMAC Mortgage, Freddie Mac Multi-Class Certificates Series 3499, Mortgage Electronic Registration Systems, Inc. ("MERS") and GMAC Mortgage, LLC ("GMAC"), collectively Defendants, submit the following reply in support of their Motion to Dismiss submitted pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 9(b).

### I.   INTRODUCTION

Defendants have requested that the Court dismiss Plaintiff Marsha Sorce's first amended complaint on several grounds. First and foremost, Ms. Sorce's quiet title, wrongful foreclosure and declaratory judgment claims are barred by the *Rooker-Feldman* doctrine because they seek review and reversal of final state court foreclosure

and eviction actions. Even if Ms. Sorce could overcome this jurisdictional problem, she has failed to state a substantive quiet title claim and her wrongful foreclosure claim is not recognized under Colorado law. Ms. Sorce's fraud claim fails under Fed.R.Civ.P. 9(b). The claim is based on general allegations against all Defendants and unnamed others without providing any indication as to who committed the fraud, what they did, when the fraud occurred, where it occurred or how it happened.

In response to these challenges, Ms. Sorce provides no substantive response. Ignoring the *Rooker-Feldman* issue, Ms. Sorce claims that the Court has subject matter jurisdiction on federal question and diversity grounds. Ms. Sorce also argues that she is entitled to declaratory relief because Defendants had the obligation in the foreclosure to establish that they had possession of her note and authority to foreclose. Ms. Sorce's opposition provides no basis for allowing her first amended complaint to go forward. She has insurmountable problems with her case that cannot be cured through yet another amendment of her complaint. Consequently, her first amended complaint should be dismissed under Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 9(b).

## II.   ARGUMENT

### A.   Ms. Sorce Fails to State the Full Standard of Review for Pro Se Parties

At the outset of her response, Ms. Sorce contends that as a pro se litigant she is entitled to have her pleadings liberally construed and held to a less stringent standard than those imposed on lawyers. Defendants do not disagree that this is the general standard to be applied in reviewing a pro se complaint in the context of a motion to dismiss. The requirement for liberal construction of pro se pleadings is not without

restriction, however.  In applying this more relaxed filter, a court cannot act as an advocate for a pro se litigant.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  In fact, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'"  Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Even pro se litigants must allege a cause of action that falls within the subject matter jurisdiction of the court.  Anderson v. Wiggins, 460 F.Supp.2d 1, 6, n. 1 (D. D.C. 2006).  When construing a pro se complaint liberally, a court cannot waive the requirement of subject matter jurisdiction.  Simmons v. Revenue Officers, 865 F.Supp. 678, 679 (D. Idaho 1994).

**B.     Ms. Sorce's Response is Based on a Misapprehension of the Standard for Rule 12(b)(1) Motion**

Relying solely on law from the Ninth Circuit, Ms. Sorce contends that Defendants' motion fails to comply with the rules governing motions to dismiss under Fed.R.Civ.P. 12(b)(1) because the motion is based, in part, on exhibits referenced and attached to the motion.  Ms. Sorce claims that since Defendant's Rule 12(b)(1) motion relies on these documents, the motion must be converted to a Fed.R.Civ.P. 56 motion for summary judgment.  Ms. Sorce further claims that Defendants' motion fails to comply with the requirements of Rule 56.  Ms. Sorce misapprehends the requirements of Fed.R.Civ.P. 12(b)(1).  The exhibits attached to Defendants' motion may be considered by this Court in reviewing their Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction without converting the motion to one for summary judgment.

Defendants have asserted a factual, rather than a facial attack on Ms. Sorce's complaint. When a defendant challenges the facts upon which subject matter jurisdiction depends, the court is not required to accept the plaintiff's allegations as true. Lorenzen v. U.S., 236 F.R.D. 553, 557 (D. Wyo. 2006). Rather, the court may exercise wide discretion in considering other documents to resolve the jurisdictional question. Holt v. U.S., 46 F.3d 1000, 1003 (10th Cir. 1995); Lorenzen, 236 F.R.D. at 557. In this circumstance, consideration of evidence outside the pleadings does not require conversion of a motion to dismiss to a rule 56 motion. A court is only required to convert a Rule 12(b)(1) motion to a Rule 56 motion when resolution of the jurisdiction question is intertwined with the merits of the case. Holt, 46 F.3d at 1003). This occurs "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Id.

To the extent that Ms. Sorce contends that the exhibits attached to Defendants' motion to dismiss are "extraneous" or do not appear on the face of the pleadings or from sources that may properly be subject to judicial notice, she is incorrect. Each document relied on by Defendants may be properly considered by this Court in evaluating their motion under Rule 12(b)(1). Moreover, this is not a situation in which the question of jurisdiction is coupled with the merits of the case – subject matter jurisdiction is not dependent on a statute or other law that provides the substantive claim in this case. Subject matter jurisdiction depends on a determination as to whether Ms. Sorce is seeking to invalidate any final state court proceeding.

Defendants attach to their motion to dismiss the promissory note and deed of trust that Ms. Sorce signed in order to acquire the property that she claims was subject to a wrongful foreclosure (Exhibits A and B respectively). Both documents are referenced in, and an integral part of, her complaint. Ms. Sorce references the note and deed of trust commencing in paragraph 7 of her complaint and continues to reference the documents repeatedly (referring to the deed of trust as the "mortgage.") In her response to the motion to dismiss, and the copies of those documents provided by Defendants, Ms. Sorce does not challenge the authenticity of either document, or suggest that these are not the documents that she executed; rather, she continues to claim that after she executed the documents they were unlawfully or improperly transferred calling into question Defendants' power to foreclose. Under well-established law, in considering a dispositive motion, a court may always consider documents referenced in or an integral part of a complaint. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

The remaining documents attached by Defendants are all public records as well as records from court files in the state court foreclosure proceeding at issue in this case also properly considered in reviewing a motion to dismiss. In this action, Ms. Sorce asks that the Court return title in the property that was sold in foreclosure (the "Property") to her by unwinding and voiding completed and final state foreclosure and eviction action that resulted in Defendant GMAC not only obtaining title to the Property but possession of the Property as well. Defendants contend that Ms. Sorce's claims seeking to undo the foreclosure are barred by the *Rooker-Feldman* doctrine. To

establish that this Court lacks subject matter jurisdiction under this doctrine, Defendants have provided the relevant state court and Public Trustee documents relating to the foreclosure in order to establish that *Rooker-Feldman* bars her claims. Exhibits C (Notice of Election and Demand), E (Order Authorizing Sale), F (Certificate of Purchase), H (Confirmation Deed) and I (Grant Deed Without Warranty) attached to Defendants' Motion to Dismiss are all recorded documents and public records in Archuleta County. Exhibits D (Motion for Order for Sale), G (Return of Sale), J (Verified Complaint), K (Order re: Motion for Entry of Default Judgment) and L (Writ of Restitution). A court is always entitled to take judicial notice of court files and records as well as facts that are a matter of public record. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008). Defendants' exhibits, all from state court files or recorded in the Archuleta County public records, fall squarely within this rule.

### C.  **Ms. Sorce Has Failed to Respond Substantively to Defendants' Position and Failed to Provide any Valid Basis for Denying Defendants' Motion to Dismiss**

Defendants assert five grounds for dismissal of Ms. Sorce's complaint. Defendants assert that her quiet title, declaratory judgment and wrongful foreclosure claims are barred by the *Rooker-Feldman* doctrine and that this Court lacks subject matter jurisdiction over these claims as a result of this doctrine. Defendants contend that even if Ms. Sorce could overcome this hurdle, she has failed to plead a quiet title claim. Additionally, although this Court lacks subject matter jurisdiction over her wrongful foreclosure claim, the claim is not prohibited, nonetheless, because Colorado does not recognize claims based on wrongful foreclosure. Defendants also contend

that to the extent Ms. Sorce is challenging the foreclosure on the grounds of fraud, she has failed to plead the claim with the particularity required under Fed.R.Civ.P. 9(b). Lastly, although Ms. Sorce mentions the "RESPA" statute in paragraph 36 of her fraud claim, if she intends to seek relief under this statute she has not remotely identified the elements of a claim.

In response to these arguments, Ms. Sorce makes three arguments, none addressing the specific grounds for dismissal asserted by Defendants. She claims that this action presents "a clear federal question," under 15 U.S.C. §2601, *et seq.*, precluding dismissal of the case due to a lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Ms. Sorce argues that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. Lastly, Ms. Sorce contends that a declaration of the rights of the parties in the foreclosure at issue is required because, apparently, when the foreclosure occurred she does not believe that GMAC established that it had the right to do so. Even giving Ms. Sorce's complaint liberal construction, none of these arguments is sufficient to overcome Defendants' motion to dismiss.

Ms. Sorce's response fails to address at all Defendants' *Rooker-Feldman* argument. She does not attempt to explain to the Court why the doctrine is not a bar to her quiet title, declaratory judgment and wrongful foreclosure claims. To the extent that she believes that her case cannot be dismissed due to a lack of subject matter jurisdiction as long as there is a federal question involved in this action or diversity jurisdiction dismissal under Fed.R.Civ.P. 12(b)(1), she is incorrect. If this Court finds that *Rooker-Feldman* applies, the Court lacks subject matter jurisdiction over any claims

covered by the doctrine (that is claims seeking review and reversal of a concluded state court judgment), regardless of whether there is federal question or diversity subject matter jurisdiction. The existence of federal question or diversity jurisdiction does not trump the applicability of the *Rooker-Feldman* doctrine to preclude subject matter jurisdiction.[1]

At the end of her opposition, Ms. Sorce claims that a declaration of the rights of the parties involved in the foreclosure at issue is necessary. She contends that in order to foreclose, the foreclosing party must establish that they hold the note and are authorized to enforce it. She also mentions that if a note is transferred separately from the mortgage, or deed of trust securing the note, the lender cannot foreclose under the deed of trust. While it may be true that there are certain requirements that must be established in order to foreclose, Ms. Sorce's general description of this principle does not advance her case or show that GMAC's foreclosure was improper. In its Verified Motion for Order Authorizing Sale Pursuant to Rule 120, Colorado Rules of Civil Procedure, attached as Exhibit D to Defendants' motion to dismiss, GMAC established

---

[1] Although the Court may dismiss Ms. Sorce's complaint without analyzing whether there is any other basis for subject matter jurisdiction in this case, it should be noted that her complaint calls into question whether she could establish jurisdiction under any other basis. Ms. Sorce claims that there is diversity jurisdiction because she is a citizen of the State of Colorado who temporarily resides in California, while Defendant Ditech is a California citizen according to Ms. Sorce. Ms. Sorce has not provided any other address in this case other than a California address making her contention that she is a citizen of Colorado suspect. Additionally, while she claims that there is a federal question before the Court, her complaint indicates otherwise. In paragraph 4 of her complaint she provides a laundry list of federal statutes purportedly conveying jurisdiction over her case in this Court. Her complaint, however, contains no allegations establishing that she has actual claims under any of the statutes cited. She does not identify any particular portions of these statutes applicable here nor does she explain how Defendants violated these statutes or regulations.

under oath that it is the holder of Ms. Sorce's note and deed of trust and had the power to request that the Public Trustee sell the Property in foreclosure if she failed to comply with the requirements of her loan.  Ms. Sorce was afforded her due process rights under C.R.C.P. 120 and entitled to contest GMAC's motion.  In response to this motion, the Archuleta County District Court entered an order authorizing the foreclosure sale and finding that GMAC had the right to proceed with that sale.  Moreover, after conducting the sale, the Public Trustee issued a Confirmation Deed (<u>Exhibit H</u> to Motion to Dismiss) conveying the Property to GMAC and specifically finding that the sale had been conducted in accordance with the law.  Under C.R.S. §38-38-504, this deed is deemed prima facie evidence of compliance with all statutory requirements for the sale and execution of the deed and evidence of the truth of the recitals contained in the deed. C.R.S. § 38-38-504.

## III.  CONCLUSION

For the reasons stated in Defendants' motion to dismiss and above, Defendants respectfully request that the Court dismiss Ms. Sorce's complaint.  Defendants ask that the Court find that:  (1) subject matter jurisdiction is lacking over Ms. Sorce's quiet title, declaratory judgment and wrongful foreclosure claims based on the *Rooker-Feldman* doctrine and dismiss these claims under Fed.R.Civ.P. 12(b)(1); (2) Ms. Sorce has failed to plead a quiet title claim in any event also requiring dismissal under Fed.R.Civ.P. 12(b)(6); (3) Ms. Sorce's claim for wrongful foreclosure must be dismissed under Fed.R.Civ.P. 12(b)(6) because no such claim is recognized under Colorado law; (4) Ms.

Sorce's fraud claim must be dismissed under Fed.R.Civ.P. 9(b); and (5) Ms. Sorce has not asserted a claim for violation of RESPA.

Defendants further request that the Court grant them recovery of their attorney fees and costs associated with this litigation in accordance with paragraph 6(E) of Ms. Sorce's note (Exhibit A).

Respectfully submitted this 26th day of October, 2012.

>LOWE, FELL & SKOGG, LLC
>
>
>s/ Karen L. Brody
>Karen L. Brody
>Dana B. Baggs
>1099 Eighteenth Street, Suite 2950
>Denver, Colorado 80202
>Phone:  720.359.8200
>Fax:  720.359.8201
>Email:  kbrody@lfslaw.com
>
>ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2012, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1), 12(b)(6) and 9(b)** with the Clerk of Court using the CM/ECF system and served it by placing a copy in the United States Mail, postage prepaid, addressed to the following:

>Marsha Sorce
>PO Box 1052
>Lake Hughes, CA  93532

>s/ Anne Van Teyens