IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01958-CMA-BNB

MARSHA SORCE,

Plaintiff,

v.

FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),
DITECH,
GMAC MORTGAGE, LLC; and
DOES 1 through 20,

Defendants.

_____

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion to Dismiss Pursuant to Fed.R.Civ.P.
12(b)(1), 12(b)(6) and 9(b)** [Doc. #22, filed 10/25/2012] (the "Motion").  I respectfully
RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v.
Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,
who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.
Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the
plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of
the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986);
Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific

allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer,

468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction

under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint.  In reviewing a facial attack on
> the complaint, a district court must accept the allegations in the
> complaint as true.
>
> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter
> jurisdiction depends.  When reviewing a factual attack on subject
> matter jurisdiction, a district court may not presume the
> truthfulness of the complaint's factual allegations.  A court has
> wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to
> dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case.  The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff filed her Amended Complaint on September 27, 2012 [Doc.#13] (the "Complaint").  The claims asserted in the Complaint arise out of a state foreclosure action.  The plaintiff asserts four claims against the defendants: (1) Quiet Title; (2) Declaratory Relief; (3) Wrongful Foreclosure; and (4) Fraud.  She seeks to have this court void the final foreclosure and award her monetary damages.

## III.   ANALYSIS

### A.   Claims One, Two, and Three: Rooker-Feldman Doctrine

The defendants assert that the court lacks subject matter jurisdiction over Claims One, Two, and Three because they are barred by the Rooker-Feldman doctrine.  *Motion*, pp. 7-11.  The defendants' Rooker-Feldman argument presents a factual challenge to this court's subject matter jurisdiction.  Consequently, I do not presume the truthfulness of the factual allegations in the Complaint.  Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts.  Holt, 46 F.3d at 1003.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005).  The Rooker-Feldman doctrine prohibits a United States district court from considering claims that have been adjudicated in state court and claims that are inextricably intertwined with the prior state-court judgment.  Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006).  The Rooker-Feldman doctrine "applies only to suits filed after state proceedings are final."  Id. at 1032.

"To determine whether Rooker-Feldman deprives a federal court of jurisdiction, we ask whether the state-court judgment caused, actually and proximately, the injury for which the

federal-court plaintiff seeks redress." Id. at 1174 (internal quotations omitted).  "That is, we

seek to determine whether the injury alleged by the federal plaintiff resulted from the state court

judgment itself or is distinct from that judgment."  Id. at 1174 (internal quotations omitted).

In Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987), the Supreme Court explained that a

federal claim is inextricably intertwined with a state court judgment if "the federal claim

succeeds only to the extent that the state court wrongly decided the issues before it.  Where

federal relief can only be predicated upon a conviction that the state court was wrong, it is

difficult to conceive the federal proceeding as, in substance, anything other than a prohibited

appeal of the state-court judgment."  Id. at 25 (Marshall, J., concurring).

The defendants have provided documents to support the following facts:[1]

1.  On May 22, 2008, Ms. Sorce executed a promissory note (the "Note") to GMAC

Mortgage, LLC, doing business as Ditech, to fund the purchase of real property located at 5600D

County Road 700, Pagosa Springs, Colorado (the "Property").  Motion, Ex. A.  Ms. Sorce also

executed a deed of trust to secure the Note (the "Deed of Trust"), designating the Archuleta

County Public Trustee as "trustee."  Id. at Ex. B.

2.  GMAC commenced a foreclosure on May 24, 2010, by filing a Notice of Election and

Demand with the Archuleta County Public Trustee.  Id. at Ex. C.

3.  Pursuant to Rule 120 of the Colorado Rules of Civil Procedure, GMAC filed a

Verified Motion for Order Authorizing Sale with the District Court of Archuleta County, stating

that GMAC is the holder of the Note and the beneficiary under the Deed of Trust; the Deed of

Trust grants a power of sale to the Public Trustee; a default exists under the Note and Deed of

---

[1]The plaintiff does not dispute the authenticity of the documents.

Trust; and there are no other circumstances under the foreclosure statutes that preclude the sale of the Property.  Id. at Ex. D.

4.   The Archuleta County District Court issued a Corrected Order Authorizing Sale of the Property on September 30, 2010, finding that a reasonable probability existed that Ms. Sorce had defaulted under the Note and Deed of Trust and that the Property could be sold by the Public Trustee.  Id. at Ex. E.

5.   The sale occurred on December 2, 2010.  The Archuleta County Public Trustee sold the Property to GMAC as the successful bidder and issued a Certificate of Purchase to GMAC. Id. at Ex. F.

6.   On December 17, 2010, GMAC filed a Return of Sale with the Archuleta County District Court representing that the foreclosure sale had been conducted pursuant to the Deed of Trust.  On December 20, 2010, the court entered an Order Approving Sale and confirming that the sale had occurred.  Id. at Ex. G.

7.   After approval of the sale, GMAC assigned its Certificate of Purchase to the Federal Home Loan Mortgage Corporation.  The Archuleta County Public Trustee issued a Confirmation Deed conveying title to the Property to that entity on January 21, 2011.  Id. at Ex. H.  The Federal Home Loan Mortgage Corporation conveyed title to the Property to GMAC by deed dated April 1, 2011.  Id. at Ex. I.

8.   On December 5, 2011, GMAC initiated an action to evict Ms. Sorce from the Property and recover possession (the "Eviction Action").  Id. at Ex. J.

9.   On December 28, 2011, the Archuleta County Court entered default judgment against Ms. Sorce in the Eviction Action. The court found that Ms. Sorce had failed to appear at the

hearing or otherwise respond to the Summons in Forcible Entry and Unlawful Detainer and Verified Complaint that had been served upon her and that judgment for possession of the Property should be entered in favor of GMAC.  Id. at Ex. K.

10.  On January 6, 2012, the Archuleta County Court entered a Writ of Restitution in favor of GMAC finding that possession of the Property was to be returned to GMAC.  Id. at Ex. L.

In her first claim, the plaintiff requests that the court quiet title in her name and declare her to be the title owner of record of the Property.  *Complaint*, ¶ 13.  In her second claim, the plaintiff contends that the defendants did not have authority to foreclose on the Property, and she seeks "a judicial determination of the rights, obligations and interest[s] of the parties with regard to the Property."  Id. at ¶¶ 18, 21.  The plaintiff's third claim is for "wrongful foreclosure."  She requests that the court "find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time."  Id. at pp. 8-9.

In Claims One, Two, and Three, the plaintiff is impermissibly seeking review and rejection of the state court foreclosure proceeding.  It is undisputed that the foreclosure and eviction proceedings are final.  The Tenth Circuit Court of Appeals has recognized that a state foreclosure action is final and subject to application of the Rooker-Feldman doctrine where the state court had entered an order approving the sale of the property to the bank; the Public Trustee had issued a deed to the bank; the state court had entered an order in an eviction action for judgement for possession of the property in favor of the bank; and the plaintiff was not seeking to enjoin foreclosure of the property, but was instead attempting to completely undo the

foreclosure.  <u>Dillard v. Bank of New York</u>, 2011 WL 2728925 at *5 (D.Colo. May 9, 2011);

<u>Dillard v. Bank of New York</u>, 2012 WL 1094833 at *2, n.3 (10th Cir. April 3, 2012).

 The plaintiff failed to demonstrate that her challenges to the foreclosure proceeding are

not barred by <u>Rooker-Feldman</u>.  To the contrary, she argues that the defendants have failed "to

state a claim for foreclosure."  *Opposition to Defendants' Motion and Motion to Dismiss*

*Memorandum of Points and Authorities* [Doc. #24] (the "Response"), pp. 6-7.  Her argument

makes clear that her intention is to undo the final state court judgments.

 The Motion should be granted insofar as it seeks dismissal of Claims One, Two, and

Three as barred by the <u>Rooker-Feldman</u> doctrine.

## B.   Claim Four: Fraud

 In Claim Four, the plaintiff alleges that all of the defendants are guilty of fraud because

they "and others" misrepresented to the plaintiff that they were entitled to receive mortgage

payments even though they knew that they did not have an interest in the Note or the Property;

they "are fraudulently foreclosing on a property which they have no monetary or pecuniary

interest"; and the Note "has been paid off at least twice," once when an unidentified "sponsor"

purchased it and again by "default insurance."  *Complaint*, pp. 11-12.

 The defendants assert that the plaintiff has failed to plead her fraud claim with

particularity.  *Motion*, pp. 13-14.  When alleging fraud, a plaintiff must state with particularity

the circumstances constituting the fraud.  Fed.R.Civ.P. 9(b).[2]  "Simply stated, a complaint must

set forth the time, place and contents of the false representation, the identity of the party making

---

[2]Knowledge and intent may be plead generally.  <u>Id.</u>

the false statements and the consequences thereof." Schwartz v. Celestial Seasonings, Inc., 124

F.3d 1246, 1252 (10th Cir. 1997) (internal quotations and citations omitted).

The allegations in Claim Four of fraud are vague and conclusory. The plaintiff

repeatedly refers to the defendants collectively. The claim does not contain any specific factual

allegations which set forth the "the who, what, when, where and how of the alleged fraud."

United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 727 (10th

Cir. 2006) (internal quotations and citations omitted). The Motion should be granted insofar as it

seeks dismissal of Claim Four's allegations of fraud.

### C. Claim Four: RESPA and "Other Federal Laws"

In Claim Four, the plaintiff also states that "Defendant's failure to disclose the material

terms of the transaction between DITECH and GMAC MORTGAGE and the sponsor, the

depositor, and FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499 and the

insurance carrier whereby FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3499

bought the Note is a violation of RESPA as well as other federal laws instituted to protect

homeowners and provide them with notice of the sale of their loans."

The defendants assert that the plaintiff has failed to state a claim under the Real Estate

Settlement Procedures Act ("RESPA"). *Motion*, pp. 14-15. A complaint must contain specific

allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a

complaint with enough factual matter (taken as true) to suggest that he or she is entitled to

relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and

citation omitted). To state a claim in federal court, a complaint must explain what each

8

defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

To the extent the plaintiff is attempting to assert a claim under RESPA and "other federal laws," the claim is devoid of factual detail, and it should be dismissed.

### D.   Costs and Attorney Fees

The defendants request an award of costs and attorney fees.  *Reply in Support of Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 9(b)* [Doc. #25], p. 10.  The request is premature and is denied without prejudice.  The defendants may renew their request for costs and attorney fees, if appropriate, after the district judge enters an order on the Motion.[3]

### IV.   CONCLUSION

I respectfully RECOMMEND that the defendants' **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 9(b)** [Doc. #22] be GRANTED and that the Complaint be dismissed in its entirety.[4]

---

[3]Requests for costs and attorney fees must be submitted in compliance with D.C.COLO.LCivR 54.1 and 54.3.

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Further, IT IS ORDERED that the defendants' request for an award of costs and attorney fees is DENIED WITHOUT PREJUDICE.

Dated June 6, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

10